STATE of Vermont v. Erwin LIBBEY, Jr.

[577 A.2d 279]

No. 89-226

May 14, 1990. Defendant appeals his felony conviction of sexual assault claiming that admissions he made at the police station following his arrest should have been suppressed. The facts show that two police officers, who had probable cause to arrest defendant for child sexual abuse, drove up to defendant's house, parked their unmarked car in his driveway, and walked to the side door. Defendant saw the officers drive in and met them at a screen door on the porch of his residence. As defendant stood at the door, one of the officers, someone defendant recognized as a police officer, asked him to step outside. After being informed of the charge, defendant asked whether he was under arrest, and he was told he was. Defendant challenges the denial of his motion to suppress his statements only on the officers' failure to obtain an arrest warrant.

Under these facts, the warrantless arrest did not violate the Fourth Amendment even if defendant had been arrested *inside* his house. *New York v. Harris*, — U.S. —, —, 110 S. Ct. 1640, 1644 (1990) ("statements made outside the home following a *Payton* [*v. New York*, 445 U.S. 573 (1980)] violation" not barred "where the police have probable cause to arrest a suspect").

Relying on the Vermont Constitution, defendant maintains that Article 11 forbids a warrantless arrest on the steps of his home absent exigent circumstances. V.R.Cr.P. 3(a)(1) permits an arrest on probable cause for a felony without a warrant. (Insofar as defendant's argument calls for invalidating all warrantless arrests absent exigent circumstances, we decline to address it because the only ground raised below under Article 11 was the validity of an arrest at someone's home.)

We have found a significant difference between private areas within the curtilage of a home, and semiprivate areas, such as a driveway, steps and a walkway. The latter are not protected by the Fourth Amendment, absent some indicia of privacy like a fence or gate, because they "serve[] as the normal access route for anyone visiting the premises." *State v. Ryea*, 153 Vt. 451, 453, 571 A.2d 674, 675 (1990) (investigatory stop in defendant's driveway permitted). We find no more compelling reasons to extend greater protection under Article 11 under the facts of this case than we did in *Ryea*.

*Affirmed.*